UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
US BANK TRUST NATIONAL ASSOCIATION, not
in its Individual Capacity but Solely as Trustee for SRMOF
II REO 2013 1 Trust,

                          Plaintiff,

       – against –

**SUMMARY REMAND ORDER**
17-CV-6689 (JFB)(SIL)

CYNTHIA TAFE WILSON, MIKE LEONE, VICTORIA
"Doe one thru two", "John" "Doe one thru two", "Jane",

                          Defendants.
---------------------------------------X

JOSEPH F. BIANCO, District Judge:

On November 16, 2017, *pro se* defendant Cynthia Wilson ("Wilson") filed a Notice of Removal ("Notice") seeking to remove an hold-over tenant eviction proceeding following a mortgage foreclosure action[1] from the 1st District Court of New York - Nassau County, and assigned Index No. LT-006503-16/NA, to this Court. (Notice at 1.)[2] (*Id.*) Plaintiff's sparse submission seeks a ninety-day stay on "further proceedings." (*Id.*) Wilson alleges that this Court has removal jurisdiction under 28 U.S.C. § 1332, 1441, 1446, and 1453 *et al.* Wilson paid the Court's filing fee at the time she filed the Notice. For the reasons that follow, the matter is hereby summarily remanded to state court.

## DISCUSSION

1.    The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28

---

[1] The underlying mortgage foreclosure action against Wilson was assigned New York State Supreme Court, Nassau County, Index No. 0004848/2009.

[2] The Index Number provided by Wilson, "SP-6503/2016" is incorrect.

1

U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to removal any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and other papers served upon such defendant or defendants* in such action.

28 U.S.C. § 1446(a) (emphasis added). As to the timing of removal, subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). In addition, subsection (b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed," *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002), and any doubts must be resolved against "removability" "out of respect for the limited jurisdiction of the federal courts and the rights of the states . . . ." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotations and citation omitted). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Here, as is readily apparent, Wilson has not demonstrated that her Notice of Removal was timely filed within the thirty (30)-day period prescribed by 28 U.S.C. § 1446(b)(1). Wilson does not provide the date this action was filed in state court, nor does she indicate when she received either a copy of the initial pleading or a summons. However, according to the information maintained by the New York State Unified Court System, the hold-over proceeding was filed on

2

December 16, 2016 and was disposed on March 15, 2017. Given that Wilson seeks to remove the action well-beyond the thirty-day period, her Notice of Removal is untimely. Thus, regardless of whether Wilson's Notice of Removal invokes this Court's federal question jurisdiction[3], the fact of the matter remains that there is no basis in law for Wilson's attempt to remove this action to federal court well after the statutory thirty-day time period has long expired.

Moreover, Wilson has not attached a copy of "all process, pleadings, and other papers" served upon her in the state court case as is required by 28 U.S.C. § 1446(a). Further, Wilson does not indicate whether the other named defendants "join[] in or consents" to the removal of this action and the Notice of Removal is signed only by Wilson. Accordingly, this action is *sua sponte* remanded to the state court pursuant to 42 U.S.C. § 1447(c). *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (recognizing that a district court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal); *accord Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993); *Allstate Ins. Co. v. Zhigun*, No. 03 Civ. 10302(SHS), 2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) (remanding case to state court for failure to comply with the statutory procedural requirements); *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure).

The Clerk of the Court is directed to: (1) mail a copy of this order to all parties; (2) mail a certified copy of this Order to the clerk of the First District Court of the State of New York, Nassau County, pursuant to 42 U.S.C. § 1447(c); and (3) close this case.

---

[3] Wilson alleges that she has "filed concurrently" a "related civil action" in which she "seeks to test the Constitutionality of the current New York statutory scheme governing foreclosure proceedings." However, the Court is unaware of any such action, to date, and the remand of this hold-over proceeding has no bearing on whether she may press such claims in another action.

Although Wilson paid the Court's filing fee, should she seek leave to appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

S/ Joseph F. Bianco
Joseph F. Bianco
United States District Judge

Dated: November 1̶, 2017
Central Islip, NY

4